IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DESHAY MELTON | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv129 |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Deshay Melton, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

In 2022, movant was convicted of conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  Movant did not appeal her conviction.

### Grounds for Review

Movant asserts that the United States Sentencing Guidelines improperly use drug purity as a proxy for defendant culpability.  She states that, as a result, her sentence was improperly increased because her offense involved "actual methamphetamine" rather than a mixture that contained methamphetamine.

### Analysis

Paragraph 12 of movant's plea agreement stated as follows:

**WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:**

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds.  The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction

proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

A defendant may, as part of a valid plea agreement, waive her statutory right to appeal her conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that she raised no question regarding any waiver-of-appeal provision. *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994).

In this case, movant does not contend that she did not read or understand the portion of her plea agreement relating to the waiver of her right to appeal. Nor does she contend she raised any questions regarding the waiver-of-appeal provision of the plea agreement. Movant's ground for review does not assert her sentence exceeded the statutory maximum or that she received ineffective assistance of counsel. As a result, movant waived the right to assert her ground for review in this proceeding.[1]

## Recommendation

This Motion to Vacate, Set Aside or Correct Sentence should be denied.

## Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) filed within 14 days after receiving a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to file timely objections bars that party from (1) entitlement to *de novo* review by a district judge of the proposed findings and recommendations contained herein, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on

---

[1] Even if Movant had not waived her right to assert her ground for review in this proceeding, she would not be entitled to relief. The 10:1 ratio between actual methamphetamine and a substance containing methamphetamine is not irrational or arbitrary and therefore does not violate the Due Process Clause. *United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006).

grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 14th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE