|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

DESHAY MELTON, §
§
      Movant, §
§
*versus* § CIVIL ACTION NO. 9:23-CV-129
§
UNITED STATES OF AMERICA, §
§
      Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Deshay Melton, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant challenges a conviction for conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Movant states her sentence was improperly increased because her offense involved actual methamphetamine rather than a mixture containing methamphetamine. She faults the United States Sentencing Guidelines for using drug purity as a proxy for defendant culpability. The magistrate

judge concluded that pursuant to Paragraph 12 of her plea agreement, movant waived the right to assert her ground for review in this proceeding.

In her objections, movant does not contest the conclusion that she waived the right to assert her ground for review in this proceeding. Instead, she argues that her ground for review is meritorious.

The conclusion that movant waived her right to assert her ground for review in a motion to vacate, set aside or correct sentence is correct. Moreover, as the magistrate judge stated, punishing defendants whose offense involved actual methamphetamine more severely than defendants whose offense involved a substance containing methamphetamine does not violate the Due Process Clause. *United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006). As a result, movant is not entitled to relief.

## ORDER

Accordingly, movant's objections (#3) to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#2) is **ADOPTED**. An appropriate final judgment will be entered.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need

not establish that she would prevail on the merits. Rather, she must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether she is entitled to relief is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to her position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 13th day of September, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE